IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELMER DENNIS, JR, <br> AIS 164536, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN ANTONIO MCCLAIN,[1] <br><br> Respondent. | CIV. A. NO. 22-0445-JB-MU |

## REPORT AND RECOMMENDATION

Elmer Dennis, Jr., a state prisoner who is currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) Dennis is challenging the validity of his April 24, 1997 first degree rape conviction in the Circuit Court of Baldwin County, Alabama. This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year

---

[1] The Clerk of Court is **DIRECTED** to terminate Karen Carter as Respondent in this action and to add Antonio McClain as Respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online inmate directory shows that Dennis is currently incarcerated at Easterling Correctional Facility, where Antonio McClain is Warden.

limitations period contained in 28 U.S.C. § 2244(d) and for lack of jurisdiction due to Dennis's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## PROCEDURAL HISTORY

The procedural history of Dennis's conviction and post-conviction motions was thoroughly set forth in this Court's previous review of his earlier § 2254 petition, *Dennis v. Mitchem,* Civ. A. No. 1:02-cv-00742-BH-C, Doc. 18 (S.D. Ala. Sept. 5, 2003).[2] Therefore, the Court adopts that procedural history in lieu of restating it here. *Id.* at pp. 1-4. Of note, Dennis was convicted of first degree rape on April 24, 1997 and was sentenced to a ninety-nine year term of imprisonment under Alabama's Habitual Felony Offender Act; he appealed his conviction and a certificate of final judgment in the Alabama appellate courts was issued on March 10, 1999; he filed a Rule 32 petition in the trial court, the Alabama appellate courts denied the appeal of his Rule 32 petition, and a certificate of final judgment was issued thereon on October 16, 2001; he filed his first § 2254 petition in this Court on September 26, 2002; and his first petition was dismissed as time-barred on September 19, 2003. *Id.*

On October 31, 2022, Dennis signed the instant federal habeas corpus petition, and it was docketed in this Court on November 7, 2022. (Doc. 1). As noted above, this is his second federal § 2254 petition challenging his 1997 conviction and sentence.

---

[2] The Court takes judicial notice of court documents from *Dennis v. Mitchem,* Civ. A. No. 1:02-cv-00742-BH-C (S.D. Ala. 2002) because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

## **CONCLUSIONS OF LAW**

**1. <u>Timeliness</u>**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date on which his conviction becomes final "by the

3

conclusion of direct review or the expiration of time for seeking such review," taking into account any period of time during which the period is tolled by a Rule 32 petition. As noted by this Court previously, Dennis's one-year limitations period expired on July 28, 2002. *Dennis,* Civ. A. No. 1:02-cv-00742-BH-C, Doc. 18 at p. 9. Thus, the limitations period to file a timely § 2254 habeas petition expired more than twenty years before Dennis filed the instant habeas corpus petition. His § 2254 petition in this Court is, thus, not timely under § 2244(d)(1).

     Neither of the available tolling avenues saves Dennis's untimeliness in this case. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Even considering Dennis's Rule 32 petition in state court, as stated above, his limitations period has long expired.

     Accordingly, the only avenue by which this Court could possibly consider the merits of the instant § 2254 petition is by finding that Dennis is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crime for which he was convicted and sentenced. In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases" and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 645, 649. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year

limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted).

"Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. See *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). Dennis has not established that the instant habeas corpus petition was timely filed, nor has he established extraordinary circumstances and due diligence necessary to support equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'").

A federal court can also consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Dennis has not attempted to nor made a showing of actual innocence. Thus, he cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

In short, this Court concludes that this is not one of those rare cases in which principles of equitable tolling can save Dennis from AEDPA's one-year limitations period, nor has he established his actual innocence of the offense for which he was convicted and sentenced. Thus, the undersigned recommends that the most recent §2254 petition filed by Dennis (Doc. 1) be dismissed because it is time-barred.

**2. Successive Petition**

Dennis's petition is also due to be dismissed because this Court lacks jurisdiction to rule on this habeas petition because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244(b) and Dennis did not obtain an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider it. Under AEDPA, a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), "shall move

6

in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive" federal habeas petition. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *see also* Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 549 U.S. at 153 (citations omitted).

"[T]he petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); *see also Tompkins v. Sec'y, Dep't of Corr.,* 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); *Morales v. Fla. Dep't of Corr.,* 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The AEDPA does not define the phrase "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. *See id.* at 332-33; *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting *Magwood*, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." *Id.* at 1281; *see also Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

As discussed above, this Court's records reflect that Dennis previously filed a habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254, challenging the same 1997 conviction and sentence that he seeks to challenge in the instant petition. *See Dennis v. Mitchem,* Civ. A. No. 1:02-cv-00742-BH-C (S.D. Ala. 2002). That petition was dismissed as untimely. *See, supra* at p. 2. Therefore, this Court finds that Dennis's instant petition is a successive petition for the purposes of § 2244(b) because it challenges the same 1997 conviction and sentence that he previously challenged in this Court. Dennis makes no showing that he sought or obtained permission from the Eleventh Circuit Court of Appeals before filing the instant successive petition.

**RECOMMENDATION ON CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Dennis should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

9

court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If Petitioner objects to this recommendation, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Petitioner Elmer Dennis, Jr., pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d) and as a successive petition filed without permission in violation of § 2244(b)(3)(A). Dennis is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **22nd** day of **August, 2023**.

                              s/P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**